The State v. Washburn.

THE STATE v. WASHBURN, *Appellant.*

1 **Criminal Practice :** MISCONDUCT OF PROSECUTING ATTORNEY. The charge of misconduct on the part of the prosecuting attorney, in communicating with one of the jurors, not sustained by the facts.

2. ———— : SEPARATION OF THE JURY. Where, after the jurors had re-tired to consider their verdict on trial for felonious assault, the officer in charge under the direction of the court, took two of them to a water-closet in the rear of a saloon, directly across the street from the court house, and on their return they passed into the saloon, when the officer procured a glass of beer for one and a cigar for the other, the whole transaction occupying a brief space of time, and it appearing that the jurors spoke to no one except the deputy sheriff, and nothing was said to him in reference to the case ; *held,* there was no ground for interfering with the verdict.

*Appeal from Jefferson Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

No brief for appellant.

*B. G. Boone,* Attorney General, for the state.

(1) The indictment properly charges a felonious assault and is drawn upon section 1264, Revised Statutes. (2) Objections must be made and exceptions saved to errors occurring during the progress of the trial to entitle them to a review by this court. This rule is applicable in criminal as well as in civil cases. R. S., sec. 1921 ; *State v. Lett,* 85 Mo. 52 ; *State v. McDonald,* 85 Mo. 539, and cases cited ; *State v. Rockett,* 87 Mo. 669 ; *State v. Reed,* 4 West. Rep. 695 ; s. c., 89 Mo. 168 ; *State v. Burk,* 6 West. Rep. 669 ; s. c., 89 Mo. 635. (3) The separation

of the jury, complained of by defendant, is not such a violation of sections 1909, 1966, Revised Statutes, as to justify a reversal. It is only where it appears that jurors have been tampered with or a defendant prejudiced that this court will reverse on account of a separation. *State v. Bell*, 70 Mo. 633. Where the separation is through necessity and there is no evidence of prejudice to defendant, there is no ground for reversal. *State v. Collins*, 86 Mo. 245; *State v. Payton*, 7 West. Rep. 129; s. c., 90 Mo. 220. (4) The conversation of the prosecutng attorney with one of the jurors in the presence and with the permission of the court, in reference to the juror's testimony in another case, was not such conduct as to justify a reversal. Thom. & Merr. on Juries, sec. 349, and cases cited under notes 1 and 2.

BLACK, J.—The defendant was indicted under section 1264 for a felonious assault. He was found guilty, and his punishment assessed at two years imprisonment. He has filed no brief; and we only have the motion for a new trial as indicating his complaint which leads to this appeal.

The evidence of a number of witnesses for the state shows that the defendant entered a saloon and at once, without any provocation or excuse, began cursing and abusing Schaeffer, the barkeeper, who directed him to desist from the use of such language and boisterous conduct. Thereupon, the defendant threw a beer glass at Schaeffer, while the latter had his back turned toward defendant and was in the act of drawing a glass of beer from the cooler for another person, who had just stepped into the saloon. The glass thrown, by defendant, hit the barkeeper on the head, knocked him down and rendered him unconscious for a time. For the defence, there was evidence to the effect that Schaeffer made some demonstrations, as if to strike the defendant, and that the latter had reasonable cause to believe that he was in

danger of personal violence and threw the glass by way of self-preservation. The point made in the motion for a new trial that the verdict is against the evidence, it is plain to be seen, is not well taken.

We see no objection to the instructions given by the court of its own motion. They present every theory of the case disclosed by the evidence, and further instructions were not asked.

We infer, from the record, that a reversal is asked mainly upon alleged misconduct of the prosecuting attorney, and of two of the jurors. From the affidavits and the statement of the presiding judge, it appears that after the jurors in this case had retired to consider of their verdict, another case, that of the *State v. Rogge,* was called for trial. The prosecuting attorney stated in open court, that he could not announce until he saw one of the jurors in this case; that the juror and another person, both of whom lived in the same neighborhood, were witnesses in the case then called; and that he would have to speak to the juror to ascertain whether the other witness was or would be in attendance. Thereupon, the judge had the jury brought into the court room, and the prosecuting attorney made inquiry as to the whereabouts of the other witness, but said nothing as to this case. All this took place under the eye of the court and in the presence of the defendant and his attorney, though it is to be inferred they did not hear what was said. Surely all this does not furnish even a shadow of a ground for interfering with the verdict.

As to the misconduct of the jurors it appears that two of them informed the court that they desired to retire to the water-closet. The court directed the deputy sheriff to accompany them. In going out of the court house the deputy sheriff remarked that it was nearest to go to a closet in the rear of a saloon, directly across the street from the court house, and they followed him. In returning, the jurors and deputy sheriff passed into the

saloon where the deputy procured a glass of beer for one and a cigar for the other juror. They then returned to the jury room, The whole occupied a very brief space of time, and it is affirmatively shown that the jurors spoke to no one save the deputy sheriff, and that noth-was said by him in respect of the case.

Section 1910 is as follows: "When the argument is concluded, the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer who, in case of felony, shall be sworn to keep them together in some private or convenient room, or place, and not permit any person to speak or communicate with them, nor do so himself, unless by order of the court, or to ask them whether they have agreed upon their verdict."

This and the preceding sections appear for the first time in the revision of 1879. Since then it has been twice held, in capital cases, that the mere separation of a juror from his fellows during the progress of the trial, to answer a call of nature, the juror being under the charge of an officer, constituted no ground for a reversal of the judgment. *State v. Collins*, 86 Mo. 245; *State v. Payton*, 90 Mo. 220. In the last case, and in one instance considered in the first, the separations were without the consent or directions of the court, but allowed by the officer in charge of the jurors. There is nothing inconsistent between those cases and the more recent one of the *State v. Murray*, *ante*, p. 95, for in the last case the doctrine is clearly asserted that, even in capital cases, section 1909 must have accorded to it a reasonable interpretation; and that the withdrawal of a juror from urgent necessity, under the supervision of an officer, would, in spirit and reason, be a compliance with the law. The fact that the jurors had retired to consider of their verdict, does not change the rule of the *Collins* and *Payton cases*. But in this case, the record shows that the deputy sheriff had taken the special oath

prescribed by section 1910, and the withdrawal of the jurors was with the approval and by the directions of the court; and thus far there can be no reason for interfering with the verdict.

It is not shown, nor in reason can it be claimed, that the mind of the juror was the least affected by the glass of beer which he drank. In the absence of any proof of intoxication, the verdict would not be set aside had the juror drank whiskey instead of beer. *State v. West*, 69 Mo. 401. To affect the verdict the circumstances must, at least, be such as to create a reasonable suspicion that the drinking may have improperly influenced it. Thomp. and Merr. on Juries, sec. 378.

The judgment is, therefore, affirmed. All concur.